IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **TYKIESHA WARD and JARVIS STEWART,** Each Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Civil Action No. 1:22-cv- |
| **PIVOTAL RETAIL GROUP, LLC,** | ) ) ) | |
| Defendant | ) | |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Tykiesha Ward and Jarvis Stewart ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action against Defendant Pivotal Retail Group, LLC ("Defendant"), state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of others similarly situated employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including a reasonable attorney's fee as a result of Defendant's

failure to pay Plaintiffs and other hourly employees sufficient wages under the FLSA within the applicable statutory limitations period.

4. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Western District of Pennsylvania has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Defendant maintains its headquarters in Marietta, Georgia.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Georgia has personal jurisdiction over Defendant, and Defendant therefore "resides" in Georgia.

8. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III.   THE PARTIES

9. Plaintiff Tykiesha Ward ("Ward") is a citizen and resident of Union County, Arkansas.

10. Plaintiff Jarvis Stewart ("Stewart") is a citizen and resident of Union County, Arkansas.

11. Defendant is a foreign limited liability company.

12. Defendant's registered agent for service is Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

13. Defendant maintains a website at https://www.pivotalretail.com/.

## IV. FACTUAL ALLEGATIONS

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

16. Defendant acted as the employer of Plaintiffs and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17. At all times material herein, Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

18. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

19. In the course of their duties for Defendant, Plaintiffs regularly used instrumentalities of interstate commerce such as their cell phones and the internet.

20. Within the three years prior to the filing of this Complaint, Plaintiffs worked for Defendant as hourly employees.

21. Specifically, Ward worked for Defendant as an hourly Traveling Merchandise Installer from around November of 2021 until April of 2022.

22. Stewart worked for Defendant as an hourly Traveling Merchandise Installer from around November of 2021 until May of 2022.

23. Defendant also employed other Traveling Merchandise Installers within the three years preceding the filing of this lawsuit.

24. As Traveling Merchandise Installers, Plaintiffs were primarily responsible for traveling to Defendant's clients' places of business, remodeling clients' stores, installing fixtures and setting up merchandise.

25. At all relevant times herein, Defendant directly hired Plaintiffs and other Traveling Merchandise Installers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. Plaintiffs and other Traveling Merchandise Installers regularly worked in excess of 40 hours per week throughout their tenure with Defendant.

27. As required by Defendant, Plaintiffs logged the hours they worked in an app and on a paper timesheet.

28. Other Traveling Merchandise Installers also tracked their hours via app and paper timesheet.

29. Plaintiffs were not compensated for all hours worked.

30. Upon information and belief, other Traveling Merchandise Installers also worked hours which went uncompensated.

31. Defendant had a practice of "shaving" hours worked by Plaintiffs and other Traveling Merchandise Installers.

32. For example, Defendant's timeclock often registered Plaintiffs' clock-in time as 9:00 AM even when they actually clocked in much earlier than 9:00 AM.

33. Additionally, Defendant often paid Plaintiffs for fewer hours than appeared on their timesheets.

34. Other Traveling Merchandise Installers had similar problems with Defendant's timekeeping system and were not paid for all hours worked.

35. Defendant knew or should have known that Plaintiffs and other Travel Merchandise Installers worked hours which went uncompensated.

36. Plaintiffs and other Traveling Merchandise Installers recorded their travel time separately from time spent working in clients' stores.

37. Plaintiffs and other Traveling Merchandise Installers were not paid for all of their travel time.

38. Defendant knew or should have known that Plaintiffs and other Traveling Merchandise Installers worked hours over forty in at least some weeks within the three years preceding the filing of this lawsuit.

39. Defendant did not always sufficiently reimburse Plaintiffs and other Travel Merchandise Installers for mileage expenses when they had to travel to clients' stores. Plaintiffs and other Travel Merchandise Installers therefore "kicked back" the unreimbursed expenses to Defendants, creating additional overtime violations. See 29 C.F.R. § 531.35

40. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same for all Traveling Merchandise Installers because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

41. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other Traveling Merchandise Installers violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Proper payment for all hours worked;

B. Overtime premiums for all hours worked for Defendant in excess of 40 hours each week;

B. Liquidated damages; and

C. Attorneys' fees and costs.

42. Plaintiffs propose the following collective under the FLSA:

**All Traveling Merchandise Installers in the last three years.**

43. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a) except as set forth herein below.

45. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

   A. They were classified by Defendant as hourly employees, nonexempt from the overtime requirements of the FLSA;

   B. They had substantially similar job duties and requirements;

   C. They worked over forty hours in at least one week within the past three years; and

   D. They were subject to Defendant's common policy and practice of artificially reducing their hours so that their paycheck reflected payment for fewer hours than they had actually worked in that period;

   E. They were required by defendant's common policy to travel to defendant's client's job sites; and

   F. They were not paid for all of the travel time.

46. Plaintiffs' claims are essentially the same as those of the putative collective.

47. Defendants unlawful conduct is pursuant to a corporate policy or practice.

48. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds twenty persons.

49. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

50. The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of FLSA)

51. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

52. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

53. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

55. During the period relevant to this lawsuit, Defendant classified Plaintiffs as hourly employees, nonexempt from the overtime requirements of the FLSA.

56. Despite the entitlement of Plaintiffs to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of 1.5x their regular rate for all hours worked in excess of 40 hours per week.

57. Defendant's conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

59. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

61. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

62. At all relevant times, Defendant was, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

63. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

65. During the period relevant to this lawsuit, Defendant classified Plaintiffs and all others similarly situated as hourly employee, nonexempt from the overtime requirements of the FLSA.

66. Despite the entitlement of Plaintiffs and all others similarly situated to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiffs and all others similarly situated an overtime rate of 1.5x their regular rate for all hours worked in excess of 40 hours per week.

67. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all others similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, plus periods of equitable tolling.

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Tykiesha Ward and Jarvis Stewart, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein and for the following relief:

A. That Defendant be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid regular and overtime compensation under the FLSA and attendant regulations;

G. Judgment for liquidated damages pursuant to the FLSA and attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

I. An order directing Defendant to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**TYKIESHA WARD and JARVIS STEWART, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
Telephone: (404) 979-3150

*s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411
matthew.herrington@dcbflegal.com

*LOCAL COUNSEL FOR PLAINTIFFS*

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Joanie Harp*
Joanie Harp
Ark. Bar No. 202086
joanie@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*LEAD COUNSEL FOR PLAINTIFFS*
*PHV Motions to be Filed*