IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| TYKIESHA WARD and JARVIS STEWART, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PIVOTAL RETAIL GROUP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:22-CV-3182-MHC |

## ORDER

This case comes before the Court on Plaintiffs' Motion for Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information ("Pls.' Mot. for Conditional Certification") [Doc. 15].

### I.   BACKGROUND

Plaintiffs filed the above-styled lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), alleging that Defendants failed to pay them, and others similarly situated, wages to which they were entitled. Compl. [Doc. 1] ¶¶ 2-4, 29-34, 37-38, 56, 66. Plaintiff Tykiesha Ward ("Ward") worked for Defendant as a Traveling Merchandise Installer from around November of 2021 until April of

2022 and was paid on an hourly basis. Compl. ¶¶ 20-21; Decl. of Tykiesha Ward ("Ward Decl.") (Oct. 17, 2022) [Doc. 15-6] ¶¶ 4-5. Plaintiff Jarvis Stewart ("Stewart") worked for Defendant as a Traveling Merchandise Installer from around November of 2021 until May of 2022 and was also paid on an hourly basis. Compl. ¶¶ 20, 22; Decl. of Jarvis Stewart ("Stewart Decl.") (Oct. 21, 2022) [Doc. 15-7] ¶¶ 4-5. Plaintiffs allege that as Traveling Merchandise Installers, they were responsible for "traveling to Defendant's clients' places of business, remodeling clients' stores, installing fixtures and setting up merchandise." Compl. ¶ 24; Ward Decl. ¶ 6; Stewart Decl. ¶ 6.

Plaintiffs allege that they were not compensated for all of the overtime as well as the non-overtime hours they worked, throughout their employment with Defendant. Compl. ¶¶ 26, 29; Ward Decl. ¶¶ 11, 15; Stewart Decl. ¶¶ 11, 15. More specifically, Plaintiffs allege that they were (1) not paid for time they were required to travel to client sites, (2) undercompensated by having hours on their timesheet "shaved off" or simply were not paid the amount reflected on timesheets, and (3) not sufficiently reimbursed for mileage expenses. Compl. ¶¶ 31-33, 37, 39; Ward Decl. ¶¶ 15, 17-19, 23-24; Stewart Decl. ¶¶ 15, 17-19, 23-24. Without specifically identifying anyone, Plaintiffs allege that Defendant also employed "at least" fifteen to twenty other Traveling Merchandise Installers who also regularly

2

worked in excess of forty hours a week and who encountered the same unlawful payment practices that Plaintiffs were subjected to. Compl. ¶¶ 23-26, 30, 34, 37, 39-40; Ward Decl. ¶¶ 7, 10, 12, 16, 20, 23, 24-25 (alleging that there were "at least 15 other" Traveling Merchandise Installers who worked for Defendant during the relevant time period); Stewart Decl. ¶¶ 7, 10, 12, 16, 20, 23, 24-25 (alleging that there were "at least 20 other" Traveling Merchandise Installers who worked for Defendant during the relevant time period).

## II. LEGAL STANDARD

Section 206 of the FLSA establishes the minimum wage an employer must pay an employee and Section 207 establishes the overtime compensation that must be paid by an employer. 29 U.S.C. §§ 206 & 207. Under section 216 of the FLSA, "one or more employees" may bring an action "for and in behalf of himself or themselves and other employees similarly situated" against an employer to recover unpaid overtime wages. 29 U.S.C. § 216(b); Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008). A collective action is particularly appropriate because it permits the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989).

Unlike class actions under Federal Rule of Civil Procedure 23, "[p]articipants in a § 216(b) collective action must affirmatively opt into the suit." Morgan, 551 F.3d at 1258-59; see also Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001) (holding that "a putative plaintiff must affirmatively opt into a § 216(b) action by filing his written consent with the court in order to be considered a class member and be bound by the outcome of the action."). Because section 216 carries the further requirement that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing," actions brought on behalf of other employees are not considered class actions, but instead are considered collective actions. Morgan, 551 F.3d at 1258-59 (quoting 29 U.S.C. § 216(b)). If an action is conditionally certified to proceed as a collective action, the court may authorize the plaintiffs to provide written notice to other potential plaintiffs informing them that they have a right to join the action. Hoffmann-La Roche, 493 U.S. at 169-72.

District courts have discretion to certify a collective action under § 216(b). Morgan, 551 F.3d at 1260; see also Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991) (clarifying that the court has discretion to authorize the sending of notice to potential class members of their right to opt in and "to establish the specific procedures to be followed with respect to such

4

possible 'opting-in.'"). The Eleventh Circuit uses a two-stage process for determining whether to certify collective actions under the FLSA. Morgan, 551 F.3d at 1260. In the first stage, called conditional certification or notice stage, the court addresses whether notice is to be sent to "similarly situated" employees to provide them the opportunity to join the action. Id. at 1259. The court may authorize the sending of notice to potential "opt-in" plaintiffs upon a factual showing that there is a reasonable basis for the plaintiffs' claim that there are similarly situated employees who should be notified. Id. at 1260-61. A reasonable basis exists when the district court satisfies itself that (1) there are other employees who wish to opt-in to the lawsuit, and (2) the potential opt-ins are "similarly situated" with regard to their job requirements and pay provisions. Dybach, 942 F.2d at 1567-68.

Under § 216(b), Plaintiffs bear the burden of showing that there are "similarly situated" members of the putative class who are interested in joining the lawsuit in order to obtain conditional certification. Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). However, this burden "is not a heavy one." Wallace v. Norcross Assocs., LLC, No. 1:13-CV-1349-RWS, 2014 WL 1373659, at *3 (N.D. Ga. Apr. 8, 2014) (citing Grayson, 79 F.3d at 1095-96); see also Morgan, 551 F.3d at 1260 (quotations and citations omitted) (holding that the

standard of proof is low and has been described by the Eleventh Circuit as "not particularly stringent," "fairly lenient," "flexib[le]," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)."). A court usually looks only to the pleadings and affidavits when deciding whether to conditionally certify an FLSA collective action. Hipp, 252 F.3d at 1218.

Upon showing that a reasonable basis exists for the movant's claim that there are similarly situated employees who are interested in joining the lawsuit and should be notified, the court conditionally certifies a class that can then receive notice of the action. Morgan, 551 F.3d at 1261 n.40. Once a district court "conditionally certifies" the class, the putative class members are given notice and the opportunity to "opt-in," and the action proceeds as a representative action throughout discovery. Hipp, 252 F.3d at 1218 (quotation and citation omitted).

The second stage occurs towards the close of discovery once additional plaintiffs have opted in, and a more robust record has been developed, and is generally precipitated by an employer's motion for decertification. Hipp, 252 F.3d at 1218.

> At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in

plaintiffs are dismissed without prejudice. The class representatives—i.e., the original plaintiffs—proceed to trial on their individual claims.

Id. (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)); see also Morgan, 551 F.3d at 1260 ("While not requiring a rigid process for determining similarity, we have sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase.").

This case is before the Court for the first stage—i.e., whether to conditionally certify Plaintiffs' class under § 216(b). Therefore, the court must now determine "(1) whether the employees sought to be included in the putative class are 'similarly situated' with respect to their job requirements and pay provisions, and (2) whether there are other employees who wish to opt in to the action." Wallace, 2014 WL 1373659, at *3 (citing Dybach, 942 F.2d at 1567-68).

## III. DISCUSSION

Plaintiffs argue that the allegations in their Complaint coupled with their declarations meet the lenient standard to show that there are others similarly situated to Plaintiffs who were all subject to Defendant's allegedly unlawful employment practices. Br. in Supp. of Pls.' Mot. for Conditional Certification ("Pls.' Br.") [Doc. 15-8] at 9-12. Defendant argues that this Court should not conditionally certify this case as a collective action because Plaintiffs have not presented sufficient evidence that (1) there are other Traveling Merchandise

7

Installers interested in joining this lawsuit and (2) to the extent there are others, they are not similarly situated to Plaintiffs. Def.'s Resp. in Opp'n to Pl.'s Mot. for Conditional Certification ("Def.'s Resp.") [Doc. 26] at 4-11. Defendant also argues that Plaintiffs' request for equitable tolling should be denied and that the Court should not authorize Plaintiffs' proposed reminder notice. Id. at 11-16.

Plaintiffs rely on their own declarations in which they aver that their jobs as Traveling Merchandise Installers were identical, that they suffered the same allegedly unlawful practices at the hands of Defendant, and that there are "at least" fifteen to twenty other current of former similarly situated Traveling Merchandise Installers who were subject to the same FLSA violations. Ward Decl. ¶¶ 7, 10, 12, 16, 20, 23, 24-25; Stewart Decl. ¶¶ 7, 10, 12, 16, 20, 23, 24-25. Specifically, as it relates to the purported interest of other Traveling Merchandise Installers to join this lawsuit, both Plaintiffs state in conclusory fashion that they "believe that there would be others who would want to join this lawsuit if they were made aware of the opportunity to join the lawsuit." Ward Decl. ¶ 26; Stewart Decl. ¶ 26. Their purported belief is based on their "experience and the information and knowledge [they] have regarding the job duties and pay of other Traveling Merchandise Installers." Id. Plaintiffs do not specifically identify any other similarly situated Traveling Merchandise Installers who are interested in joining the lawsuit.

8

Moreover, since this lawsuit was filed on August 11, 2022, no other individual has filed a notice of consent to opt-in, an affidavit demonstrating an intent to opt-in, or otherwise expressed any interest in joining this lawsuit.

Even under the lenient standard for conditional certification, Plaintiffs fail to meet their burden of showing that there are similarly situated members of the putative class who are interested in joining this lawsuit. Plaintiffs have presented declarations in which they make the identical statement that they "believe" that there would be other Traveling Merchandise Installers would want to join this lawsuit. See Ward Decl. ¶ 26; Stewart Decl. ¶ 26. However, despite repeatedly averring that they worked with and talked to other Traveling Merchandise Installers throughout their employment with Defendant, see Ward Decl. ¶¶ 7, 10, 12, 16, 20, 23; Stewart Decl. ¶¶ 7, 10, 12, 16, 20, 23, Plaintiffs do not identify any individual who was employed by Defendant as a Traveling Merchandise Installer, let alone a similarly situated Traveling Merchandise Installer who may want to join this lawsuit. Plaintiffs cannot rely on speculative, vague, or conclusory statements that they "believe" others want to opt in to meet their burden to show there are others interested in joining the lawsuit. See Diggs v. Int'l Follies, Inc., No. 1:21-cv-04718-VMC, 2022 WL 4596679, at *2 (N.D. Ga. July 7, 2022) (denying conditional certification where only declarations submitted were conclusory and

unsupported statements from the plaintiff and person who opted-in before the filing of the lawsuit); Bailey v. So. Therapy Servs., No. 1:20-cv-02445-SDG, 2022 WL 16951683, at *3 (N.D. Ga. Mar. 28, 2022) (denying conditional certification based upon the plaintiffs' "bare, unsupported assertions" that "other putative class members wish to join each of their proposed classes."); Barten v. KTK & Associates, Inc., 8:06-CV-1574-T-27EAJ, 2007 WL 2176203, at *2 (M.D. Fla. July 26, 2007) (internal quotation and citation omitted) ("A plaintiff's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class."); Rodgers v. CVS Pharmacy, Inc., No. 8:05-CV770T-27MSS, 2006 WL 752831, at *4 (M.D. Fla. Mar. 23, 2006) ("Plaintiff's unsupported beliefs and expectations that others may desire to opt in are insufficient to justify certification of a collective action and notice to a potential class."). Instead, Plaintiffs must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Grayson, 79 F.3d at 1097 (internal quotations and citation omitted); see also Linscheid v. Natus Med. Inc., No. 3:12-CV-67-TCB, 2012 WL 12861603, at *2 (N.D. Ga. Nov. 15, 2012) ("To establish that there are other employees who desire to opt in to the litigation, Plaintiffs must provide

declarations, affidavits or consents-to-opt-in from the potential class members."). Plaintiffs have failed to provide detailed allegations in their declarations demonstrating the anyone other than the two named Plaintiffs desire to join this lawsuit.

Although courts in the Eleventh Circuit have found that a small number of additional plaintiffs joining or indicating a desire to join after the lawsuit was filed is a sufficient showing,[1] Plaintiffs have not named a single additional plaintiff

---

[1] See, e.g., Ciani v. Talk of The Town Restaurants, Inc., 8:14-CV-2197-T-33AEP, 2015 WL 226013, at *2 (M.D. Fla. Jan. 16, 2015) (finding that the presence of two opt-in plaintiffs, in addition to the two named plaintiffs, was sufficient to show that others wanted to join the lawsuit); Gonzalez v. TZ Ins.Solutions, LLC, No. 8:13–cv–2098–T–33EAJ, 2014 WL 1248154, at *2 (M.D. Fla. March 26, 2014) ("Although there is no magic number requirement for the notice stage, the presence of five opt-in plaintiffs, each having filed a declaration describing their working conditions and their desire to join in this suit, satisfies the Court that others desire to join in the action"); Stuven v. Texas de Brazil (Tampa) Corp., No. 8:12-CV-1283-T-24TGW, 2013 WL 610651, at *3 (M.D. Fla. Feb. 19, 2013) ("The Court finds that the complaint, in combination with the declarations and the presence of three additional opt-in plaintiffs, presents adequate evidence that others desire to join this action."); Reyes v. AT & T Corp., 801 F. Supp. 2d 1350, 1356 (S.D. Fla. 2011) (finding that there was a reasonable basis to believe other employees desired to opt-in where twelve affiants (five named plaintiffs and seven other employees) expressed desire to become potential plaintiffs); Robbins-Pagel v. Puckett, No. 6:05-CV-1582-ORL-31DAB, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006) (finding that three affidavits, one from named plaintiff and two from potential opt-ins, alleging claims of unpaid overtime was sufficient to establish that other individuals were interested in joining the action); Tyler v. Payless Shoe Source, Inc., 2005 WL 3133763, *3 (M.D. Ala. Nov. 23, 2005) (three to five consents to join filed after the lawsuit was brought were sufficient to establish that others desired to opt in); Pendlebury v. Starbucks Coffee Co., No. 04-CV-80521, 2005

wishes to opt-in to this case. Because the Court finds that Plaintiffs have failed to meet their burden to demonstrate that other similarly situated individuals wish to join this lawsuit, Plaintiffs' Motion for Conditional Certification fails. See Manzi v. Hartman & Tyner, Inc., No. 11-60426-CIV, 2011 WL 2110279, at *2 (S.D. Fla. May 25, 2011) (finding that named plaintiff's conclusory affidavit that he was aware of others willing to join the lawsuit was insufficient as a basis for conditional certification); David v. Associated Out-Door Clubs, Inc., No. 8:09-CV-1541-T-30MAP, 2010 WL 1730702, at *2 (M.D. Fla. Apr. 27, 2010) (holding that two named plaintiffs failed to provide sufficient evidence that other employees want to opt in even though two other individuals filed consents to join); Mooney v. Advanced Disposal Servs., No. 3:07-CV-1018-WKW, 2008 WL 3843550, at *3 (M.D. Ala. Aug. 14, 2008) ("[t]he court views the identification of only four plaintiffs—be they all named as such or potential opt-in plaintiffs—as a weak

---

WL 84500, at *2, *3 (S.D. Fla. Jan. 3, 2005) (granting motion to conditionally certify collective action where the named plaintiffs as well as four other employee declarants identified ten individuals who indicated willingness to opt-in); Barrett v. Capital Acquisitions Mgmt. Co., No. 03-62091-CIV, 2004 WL 5309097, at *2 (S.D. Fla. March 15, 2004) (finding that the eight plaintiffs who opted-in after the lawsuit was filed clearly demonstrated that other similarly situated employees wanted to join the lawsuit). Bell v. Mynt Entm't, LLC, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (affidavits from seven plaintiffs indicating others desired to opt in and detailing allegations of wage violations were sufficient).

12

indicator that other employees desire to opt-in under the circumstances."); Barten v. KTK & Associates, Inc., No. 8:06-CV-1574-T-27EAJ, 2007 WL 2176203, at *3 (M.D. Fla. July 26, 2007) (holding that the three named plaintiffs' conclusory averments plus one opt-in were insufficient to establish that there are other individuals who would join the lawsuit); Rodgers v. CVS Pharmacy, Inc., No. 8:05-CV770T-27MSS, 2006 WL 752831, at *5 (M.D. Fla. Mar. 23, 2006) (finding that the plaintiff failed to demonstrate that there were other employees who desired to opt in where the three declarations offered by the plaintiff do not provide detailed allegations that engage the defendants' thirty-one affidavits to the contrary); Wombles v. Title Max of Ala., Inc., No. 3:03-CV-1158-CWO, 2005 WL 3312670, at *3 (M.D. Ala. Dec. 7, 2005) (concluding that the five named plaintiffs failed to demonstrate that there were other employees who desired to opt in where they did not identify any similarly situated employees); Mackenzie v. Kindred Hosps. E., L.L.C., 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) (holding that it was inappropriate to conditionally certify a collective action where the plaintiff failed to present evidence of any individual's interest in joining the lawsuit).[2]

---

[2] Because the Court finds that conditional certification is inappropriate based on Plaintiffs' failure to demonstrate that there is outside interest in joining this lawsuit, the Court need not reach the issues of whether potential class members are

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motion for Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information [Doc. 15] is **DENIED**.

**IT IS SO ORDERED** this 20th day of June, 2023.

_____
MARK H. COHEN
United States District Judge

---

similarly situated, whether the statute of limitations for potential class members should be equitably tolled, or whether Plaintiffs' proposed notice was appropriate.