**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **TYKIESHA WARD and JARVIS STEWART,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION NO.** |
| **v.** | ) ) | **1:22-cv-03182-MHC** |
| **PIVOTAL RETAIL GROUP, LLC,** | ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

## JOINT MOTION TO STAY AND EXTEND DISCOVERY

The parties jointly move the Court to stay this case for thirty (30) days in order for the parties to explore potential resolution and request a four-month extension of the discovery period at the expiration of the stay. In support of this motion, the parties show as follows:

1.    Plaintiffs filed their Complaint on August 11, 2022. (Doc. 1.)

2.    On September 27, 2022, Defendant filed its Answer. (Doc. 13.)

3.    On October 25, 2022, Plaintiffs filed their Motion for Conditional Certification. (Doc. 15.)

4.    While Plaintiffs' Motion for Conditional Certification was pending, the Parties filed their Joint Preliminary Report on November 2, 2022. (Doc. 18.) A

Scheduling Order was issued on November 3, 2022, with the discovery period ending on February 24, 2023. (Doc. 19.)

5.      On December 1, 2022, Defendant filed its Response in Opposition to Plaintiffs' Motion for Conditional Certification. (Doc. 26.) In response, Plaintiffs filed their Reply on December 5, 2022. (Doc. 27.)

6.      Due to the pending Motion for Conditional Certification and because the Parties did not know if additional plaintiffs would be joining, thus expanding the scope of discovery, the parties filed a Joint Motion to Stay Discovery pending a ruling on Plaintiffs' Motion for Conditional Certification on December 15, 2022. (Doc. 28.)

7.      This Court granted the Joint Motion to Stay Discovery on that same day of December 15, 2022. (Doc. 29.)

8.      On June 20, 2023, Plaintiffs' Motion for Conditional Certification was denied, thus the stay expired on that same day. (Doc. 30.)

9.      The discovery period is set to end on August 30, 2023.

10.     Because there is now a set number of Plaintiffs, the Parties are exploring early resolution for this matter. In order to preserve the time available for discovery and to avoid the potentially unnecessary time and expense of additional litigation, the parties request that the Court stay this case for 30 days. Additionally,

if a settlement is reached, the time encompassed by the stay would allow the parties to complete the necessary settlement documents.

11.     District courts have broad discretion to enter a stay so long as it is not indefinite in duration. *See CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982).

12.     There is good cause for the stay requested in this motion because staying this case will facilitate the parties' efforts to resolve this case without further expenditure of the Court's or the parties' respective resources. "[P]ublic policy strongly favors pretrial settlement in all types of litigation" because litigation "'can occupy a court's docket for years on end, depleting the resources of parties and the taxpayers while rendering meaningful relief increasingly elusive.'" *See Munford v. Munford, Inc.*, 97 F.3d 449, 455 (11th Cir. 1996) (quoting *U.S. Oil & Gas v. Wolfson*, 967 F.2d 489, 493 (11th Cir. 1992)).

13.     If the parties are unable to settle the case during the stay, the parties request a four-month extension of time to complete discovery following the expiration of the stay. The additional time would be needed to conduct necessary discovery such as depositions.

WHEREFORE, the parties hereby request that the Court stay this action for thirty (30) days to allow the parties explore early resolution.  For the Court's convenience, a proposed order granting this relief is attached here to as Exhibit 1.

| | |
|---|---|
| */s/ Kenneth G. Menendez* | */s/ Josh Sanford* |
| Kenneth G. Menendez | Josh Sanford |
| Georgia Bar No. 502045 | Ark. Bar No. 2001037 |
| Andrew J. Kim | Colby Qualls |
| Georgia Bar No. 488753 | Ark. Bar No. 2019246 |
| FREEMAN MATHIS & GARY, LLP | Sanford Law Firm, PLLC |
| 100 Galleria Parkway | 10800 Financial Centre Pkwy, |
| Suite 1600 | Suite 510 |
| Atlanta, GA 30339 | Little Rock, Arkansas 72211 |
| T: (770) 818-000 | T: (501) 221-0088 |
| kmenendez@fmglaw.com | josh@sanfordlawfirm.com |
| akim@fmglaw.com | colby@sanfordlawfirm.com |
| | |
| *Attorneys for Defendant* | *Attorneys for Plaintiffs* |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned hereby certifies that the foregoing **JOINT MOTION TO STAY AND EXTEND DISCOVERY** has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

/s/ Andrew J. Kim
Andrew J. Kim
Georgia Bar No. 488753

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this day I electronically filed the foregoing **JOINT MOTION**

**TO STAY AND EXTEND DISCOVERY** with the Clerk of the Court using the

CM/ECF system and served by electronic mail to counsel of record as follow:

Josh Sanford
Colby Qualls
Sanford Law Firm, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
T: (501) 221-0088
josh@sanfordlawfirm.com
colby@sanfordlawfirm.com

This 2nd day of August, 2023.

/s/ Andrew J. Kim
Andrew J. Kim
Georgia Bar No. 488753
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-1287
F: (770) 937-9960
akim@fmglaw.com

*Attorney for Defendant*

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TYKIESHA WARD and JARVIS STEWART,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **1:22-cv-03182-MHC** |
| **PIVOTAL RETAIL GROUP, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## **ORDER**

Having considered the parties Joint Motion to Stay, and for good cause shown, the Motion is GRANTED. IT IS HEREBY ORDERED that this matter is stayed for thirty (30) days from the date of this Order. If the parties are unable to resolve the case and the stay expires on its own time, then the discovery period in this action shall be extended for an additional period of four (4) months following termination or expiration of the stay.

     **IT SO ORDERED** this ___ day of _____, 2023.



_____
**Mark H. Cohen**
United States District Judge

8