IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TYKIESHA WARD and JARVIS STEWART, | )<br>)<br>) |
| Plaintiffs, | )    CIVIL ACTION NO. |
| v. | )<br>)    1:22-cv-03182-MHC |
| PIVOTAL RETAIL GROUP, LLC, | )<br>) |
| Defendant. | )<br>) |

**JOINT MOTION FOR COURT APPROVAL
OF FLSA SETTLEMENT AND RELEASE AGREEMENT**

Tykiesha Ward ("Plaintiff Ward") and Jarvis Stewart ("Plaintiff Stewart"), the Plaintiffs herein (collectively "Plaintiffs"), and Defendant Pivotal Retail Group, LLC ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties"), hereby file this Joint Motion For Court Approval of FLSA Settlement and Release Agreement. The Parties further seek dismissal of this action with prejudice.

**I.    INTRODUCTION**

Plaintiffs filed this lawsuit on August 11, 2022, as an FLSA action alleging claims, in part, for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq* (Doc. 1.)[1]. Over the past few months, the Parties

---

[1] Plaintiffs subsequently filed a Motion for Conditional Certification on October 25, 2022. (Doc. 15.) Defendant filed its Response in Opposition to the Motion for Conditional Certification on

engaged in arms-length settlement negotiations through their respective counsel. After exchanging information relevant to this case and engaging in written discovery, the Parties were able to assess the potential for liability and damages, as well as the potential defenses available to the Defendant, and reached an agreement to resolve this matter based on their understanding of the potential risks and rewards of proceeding further in litigation.

Having reached an agreement to settle this dispute, the Parties respectfully request that the Court review the terms of the Wage and Hour Settlement and Release Agreement attached hereto as Exhibit A ("Settlement Agreement") and enter the proposed Order approving the Settlement Agreement pursuant to the standards set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## II.     **MEMORANDUM OF LAW**

The Parties request that the Court review and approve the Settlement Agreement so that the resolution of the FLSA claims asserted in this civil action will be in accordance with the Eleventh Circuit's requirement of judicial approval of the compromise and/or settlement of FLSA claims. *See Lynn's Food*, 679 F.2d 1350. In *Lynn's Food*, the Eleventh Circuit set forth two ways in which wage claims arising under the FLSA may be settled or compromised by employees: (1) through a payment

---

December 1, 2022. (Doc. 26.). After Plaintiffs filed their Reply, the Court ruled on and denied Plaintiffs' Motion for Conditional Certification on June 20, 2023. (Docs. 27 and 30.)

through the Secretary of Labor, or (2) where the settlement has been reviewed and approved by a court presiding over a private lawsuit. *Id.*

When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects "a reasonable compromise over issues" such as FLSA coverage, potential liability, the availability of defenses, or the computation of back wages that are "actually in dispute" the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

The Parties stipulate that they had a *bona fide* dispute and that the merits of the case have been highly contested from its inception. Here, Plaintiffs have asserted in their Complaint a claim for alleged unpaid overtime wages in connection with their former employment with Defendant. The Parties have a dispute regarding the number of hours Plaintiffs were working each week, including whether and to what extent Plaintiffs worked any unpaid overtime during their employment with Defendant. The Parties also dispute whether liquidated damages are appropriate.

Despite their disagreement over liability and the extent, if any, of recoverable damages, the Parties agree that the settlement reached through their negotiations represents a reasonable compromise of their *bona fide* dispute. In discussing resolution of this matter, the Parties discussed and took into consideration factors such as the

amount of claimed damages, the evidence supporting their respective positions regarding liability and damages, and Plaintiffs' compensation level to determine the potential damages available to Plaintiffs. While the Parties still dispute liability and the extent, if any, of available damages, the Parties were able to reach a compromise of their positions during settlement negotiations. The Parties and their counsel agree that, based on all available evidence, the proposed settlement is within the range of potential damages that Plaintiffs could recover at trial if they are successful.

Plaintiff Ward states she was employed by Defendant from approximately November of 2021 to April of 2022. Plaintiff Stewart states he was employed by Defendant from approximately November of 2021 to May of 2022. Plaintiffs are seeking allegedly unpaid overtime damages for the respective times they were employed by Defendant. Plaintiffs were each paid approximately $17.00 per hour. Plaintiff Ward claims she is owed approximately $5,191.63 in overtime. Plaintiff Stewart claims he is owed $6,466.63 in overtime.

Based on the foregoing, Plaintiff Ward's maximum potential FLSA damages (overtime damages plus liquidated damages), per her calculations, if she prevailed on all FLSA issues in the litigation, would be $10,383.26. Plaintiff Stewart's maximum potential FLSA damages (overtime damages plus liquidated damages), per his calculations, if he prevailed on all FLSA issues in the litigation, would be $12,933.26. Defendant strongly disputes that Plaintiffs worked the number of hours

they claim to have worked and contends that Plaintiffs were appropriately paid for all hours worked, including overtime, and are not entitled to anything.

Pursuant to the settlement, Plaintiff Ward is to receive the gross amount of four thousand four hundred forty-eight dollars and three cents ($4,448.03), subject to wage withholdings. Plaintiff Stewart is to receive the gross amount of five thousand four hundred thirty-six dollars and forty-seven cents ($5,436.47), subject to wage withholdings. Under the terms of the settlement, Plaintiffs are receiving approximately 84-85% of their claimed unpaid overtime damages. Plaintiff Ward is receiving an amount that compensates her for approximately 174 hours of uncompensated work at her overtime rate of $25.50, which is about 8-9 hours of overtime each week over her tenure. Plaintiff Stewart is receiving an amount that compensates him for approximately 213 hours of uncompensated work at his overtime rate of $25.50, which is about 8-9 hours of overtime each week over his tenure. These amounts are reasonable given Defendant's position that Defendant owes Plaintiffs no back wages whatsoever. Furthermore, Plaintiffs had very little in terms of direct documentary evidence of hours worked and would have largely had to rely on estimates and testimony as to hours worked at trial, which would have been subject to any competing evidence put on by Defendant.

The Parties' settlement also includes a component of attorneys' fees and costs. Plaintiffs' counsel will receive eight thousand one hundred fifteen dollars and fifty

cents ($8,115.50) in attorneys' fees and expenses. The attorneys' fees and costs portion of the settlement is consistent with the contingency agreement between Plaintiffs and their counsel of 40% plus costs and expenses. To the extent the Court wishes to assess the reasonableness of the fee component of the settlement, Plaintiffs' counsel avers that it is reasonable. Plaintiffs' lead counsel has billed over $17,000 in attorneys' fees and costs to this matter, taking it from initial fact investigation and Complaint drafting to discovery and damages calculations, through settlement drafting and finalization. At just 47% of the total fees and costs billed by Plaintiffs' lead counsel, $8,115.50 is reasonable. Of the $8,115.50 in fees and costs, $915.50 covers the costs of this case while $7,200 is for fees. These costs, totaling $915.50, are limited to a $402.00 filing fee, $63.50 in expenses for service of process, and $450.00 for PHV application fees.

### III. CONCLUSION

The Parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claims asserted by Plaintiffs. The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiffs have voluntarily agreed to release all wage-related claims against Defendants in exchange for fair and reasonable consideration. Plaintiffs' counsel and Defendant's counsel represent that the settlement entered into by the

Parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter. Counsel for all Parties agree that, in their respective opinions, the terms of the Settlement Agreement, including the settlement amounts and the amount of attorney's fees and costs, are fair and reasonable.

WHEREFORE, the Parties respectfully request the Court grant the instant Joint Motion and approve the attached Settlement Agreement. A proposed Order is attached for the Court's convenience.

Respectfully submitted this 8th day of May, 2024.

| | |
|---|---|
| **FORESTER HAYNIE, PLLC** | **FREEMAN, MATHIS & GARY, LLP** |
| */s/ Colby Qualls* | */s/ Kenneth G. Menendez* |
| Colby Qualls | Kenneth G. Menendez |
| Ark. Bar No. 2019246 (PHV) | Georgia Bar No. 502045 |
| Forester Haynie, PLLC | Andrew J. Kim |
| 400 N Saint Paul, St, Suite 700 | Georgia Bar No. 488753 |
| Dallas, Texas 75231 | 100 Galleria Parkway |
| T: (214) 210-2100 | Suite 1600 |
| E: cqualls@foresterhaynie.com | Atlanta, GA 30339 |
| Matthew W. Herrington, Esq. | T: (770) 818-0000 |
| Georgia Bar No. 275411 | E: kmenendez@fmglaw.com |
| Delong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC | E: akim@fmglaw.com |
| 101 Marietta Street | |
| Suite 2650 | *Counsel for Defendant* |
| Atlanta, GA 30303 | |
| T: (404) 979-3150 | |
| E: matthew.herrington@dcbflegal.com | |

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TYKIESHA WARD and JARVIS STEWART**, Each Individually and on Behalf of All Others Similarly Situated,  )<br><br>Plaintiffs,  )<br>v.  )<br>  )<br>**PIVOTAL RETAIL GROUP, LLC**,  )<br>  )<br>Defendant.  )  | **CIVIL ACTION NO.**<br><br>**1:22-cv-03182-MHC** |

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2024, I electronically filed this **JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT** with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of said filing to the following attorneys of record:

Colby Qualls
Ark. Bar No. 2019246 (PHV)
Forester Haynie, PLLC
400 N Saint Paul, St, Suite 700
Dallas, Texas 75231
T: (214) 210-2100
cqualls@foresterhaynie.com

Matthew W. Herrington, Esq.

-8-

Delong, Caldwell, Bridgers, Fitzpatrick & Benjamin
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
T: (404) 979-3150
Matthew.herrington@dcbflegal.com

This 8th day of May, 2024.

Respectfully submitted,

**FREEMAN, MATHIS & GARY, LLP**

*s/ Andrew J. Kim*
Andrew J. Kim
Georgia Bar No. 488753

*Counsel for Defendant*